IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLOS ROLDAN CHANG,<br><br>Petitioner,<br><br>vs.<br><br>KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and WARDEN OF MCCOOK DETENTION CENTER, in their official capacity;<br><br>Respondents. | 4:26CV3019<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on petitioner Carlos Roldan Chang's Complaint for Preliminary Injunctive Relief; Verified Petition for Writ of Habeas Corpus (Filing No. 1).

Roldan Chang, a Guatemalan citizen who has lived in the United States since 2005, alleges he was arrested in Polk County, Iowa and detained by Respondents on December 3, 2025.[1] (Filing No. 1 at 2). The Department of Homeland Security (DHS) initiated removal proceedings against

---

[1] Roldan Chang was "interviewed" by "[Immigration and Customs Enforcement] (ICE) agents at the Polk County Jail" on November 25, 2025. (Filing No. 1 at 7).

him the same day. (Filing No. 1 at 2; Filing No. 1-2); *see* 8 U.S.C. § 1229. An immigration judge denied Roldan Chang's request to be released on bond during the pendency of those proceedings, reasoning that she had "no jurisdiction to issue a bond." (Filing No. 1-4 at 1); *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Roldan Chang is being held at the ICE McCook Detention Center in McCook, Nebraska. (Filing No. 1 at 6).

Roldan Chang alleges that his detention is unlawful. He seeks immediate release or, in the alternative, an order directing Respondents to provide him with a bond hearing within seven days. (Filing No. 1 at 25). The habeas statute provides that a court must grant the petition for a writ of habeas corpus or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Roldan Chang] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Roldan Chang]." *Id.* The show cause order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Roldan Chang's] detention." *Id.*

The Court cannot say from the face of the petition that Roldan Chang is not entitled to relief. Accordingly, the Court orders Roldan Chang to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Roldan Chang replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Roldan Chang may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner Carlos Roldan Chang shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on Respondents as soon as is practicable, and file proof of such service with the Court.

2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.
3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.
4. The Court will then set a prompt hearing on this matter.
5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 27th day of January, 2026.

BY THE COURT:

*Susan M Bazis*

Susan M. Bazis
United States District Judge