IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLOS ROLDAN CHANG,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, in their official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE,[1] in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and  WARDEN OF MCCOOK DETENTION CENTER, in their official capacity;<br><br>Respondents. | **4:26CV3019**<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Carlos Roldan Chang's Motion for Attorneys' Fees Under the Equal Access to Justice Act (Filing No. 19) and the Federal Respondents'[2] Objection (Filing No. 20) to that motion. For the reasons discussed below, the Court will sustain the objection and deny Roldan Chang's motion.

---

[1] Secretary Mullin and Acting Attorney General Blanche are automatically substituted for their predecessors under Federal Rule of Civil Procedure 25(d).

[2] The Federal Respondents include all but the Warden of McCook Detention Center. (Filing No. 10 at 3 n.1).

## BACKGROUND

Roldan Chang, a Guatemalan citizen, was detained by U.S. Immigration and Customs Enforcement (ICE) following his arrest in Polk County, Iowa. (Filing No. 1 at 4; Filing No. 12 at 3). After being transferred to the ICE McCook Detention Center in McCook, Nebraska and having his request for release on bond denied by an immigration judge, Roldan Chang filed a petition for a writ of habeas corpus in this Court. (Filing No. 1). He sought immediate release, or in the alternative, an order directing the immigration court to provide him a bond hearing, along with attorney's fees and costs under the Equal Access to Justice Act (EAJA) if he prevailed. (Filing No. 1 at 25).

The Federal Respondents responded to Roldan Chang's petition, arguing that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Filing No. 10). The Court concluded that he was entitled to a bond hearing because "[8 U.S.C.] § 1226(a), not § 1225(b), applies to a noncitizen like Roldan Chang who is detained within the United States." (Filing No. 16 at 8-9).[3] As for his request for fees and costs under the EAJA, the Court noted that he could "move separately within thirty days of final judgment in this action to recover them." (Filing No. 16 at 9 n.7) (citing 28 U.S.C. § 2412(d); 5 U.S.C. § 504). Roldan Chang timely did so (Filing No. 19), and the Federal Respondents objected. (Filing No. 20).

## DISCUSSION

The EAJA requires an "award to a prevailing party . . . [of] fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). At the outset, the Federal Respondents do not appear to dispute—nor could they, in the Court's view—that Roldan Chang is a "prevailing party." Instead, they focus their arguments on the second prong: that their position was "substantially justified." (Filing No. 20 at 1).

Substantially justified means "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680, 683 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A substantially justified position need not be correct so long as "a reasonable person

---

[3] After this Court entered its order, the immigration judge held a bond hearing and denied Roldan Chang's request for release on bond. (Filing No. 18).

could think it correct, that is, if it has a reasonable basis in law and fact." *Id.; see also Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987) (holding that the government's position must be "clearly reasonable, well founded in law and fact, solid though not necessarily correct"). The government may also be justified in litigating a legal question that is unsettled in this circuit. *See Cornella v. Schweiker*, 741 F.2d 170, 172 (8th Cir. 1984). The government bears the burden of showing that its position was substantially justified. *Bah,* 548 F.3d at 684 (citing *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995)).

The Court concludes that the Federal Respondents have carried that burden here. When the Federal Respondents responded to Roldan Chang's petition, the legal question of whether § 1225(b) or § 1226(a) applies to noncitizens detained within the United States like Roldan Chang was unsettled. Indeed, district judges in this circuit—and even within this district—had reached different conclusions. *See, e.g., Barrajas v. Noem*, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025) (holding that § 1226(a) applies); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) (holding that § 1225(b) applies); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025) (Buescher, J.) (similar). The Eighth Circuit recently settled the issue, however. *See Avila v. Bondi*, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States.").

Though this Court found the Federal Respondents' arguments unavailing, it cannot go so far as to say that they lacked a "reasonable basis in law and fact,"[4] particularly when they were made—at the time—"in such an open area of the law[.]" *Bah,* 548 F.3d at 684.

---

[4] The EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent conduct. *See* 28 U.S.C. § 2412(d)(2)(D) (defining "position of the United States" as not only "the position taken by the United States in the civil action, [but also] the action or failure to act by the agency upon which the civil action is based"). For similar reasons, the Court concludes that the Federal Respondents' pre-litigation conduct was substantially justified. The issue of whether § 1225 or § 1226 applies to noncitizens detained within the United States turns on the interpretation of a complicated statutory scheme. Given the executive branch's "greater immigration-related expertise" and the respect the Court affords "the serious administrative needs and concerns inherent in the necessarily extensive" efforts to enforce our nation's immigration laws, the Court cannot say that the Federal Respondents' pre-litigation decision to treat Roldan Chang as being subject to mandatory detention under § 1225, while not ultimately correct in this Court's view, lacked a reasonable basis in law or fact. *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001).

In sum, though Roldan Chang was a "prevailing party" within the meaning of § 2412(d), the position of the United States in this case was substantially justified. Accordingly,

**IT IS ORDERED:**

1. Petitioner Carlos Roldan Chang's Motion for Attorneys' Fees Under the Equal Access to Justice Act (Filing No. 19) is denied.
2. The Federal Respondents' Objection to Award of Attorneys' Fees (Filing No. 20) is sustained.

Dated this 3rd day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge